UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANISLAV STRELKOVSKI,

               Plaintiff,

      -v-                            3:25-CV-107

LIBERTY INSURANCE
CORPORATION,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| PRIME PROPERTY LAW PLLC<br>Attorneys for Plaintiff<br>1185 Avenue of the Americas,<br>   3rd Floor<br>New York, NY 10036 | SOLOMON ABADY, ESQ. |
| LAW OFFICES OF JASON LOWE<br>Attorneys for Plaintiff<br>225 West 106th Street, 8M<br>New York, NY 10025 | JASON LOWE, ESQ |
| GOLDBERG SEGALLA LLP<br>Attorneys for Defendant<br>665 Main Street<br>Buffalo, NY 14203 | ASHLYN M. CAPOTE, ESQ.<br>JONATHAN SCHAPP, ESQ. |

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Stanislav Strelkovski ("Strelkovski" or "plaintiff") filed this action in New York Supreme Court, Delaware County seeking to recover damages stemming from the alleged breach of a homeowner's insurance policy issued by Liberty Insurance Corporation ("Liberty" or "defendant"). Dkt. No. 2. Thereafter, Liberty timely removed this case to federal court and moved to partially dismiss the complaint to the extent the Strelkovski seeks extracontractual damages. Dkt. Nos. 1, 6. On February 18, 2025, plaintiff filed both an opposition to Liberty's motion and an amended complaint. Dkt. Nos. 9–10. Liberty again moved to partially dismiss plaintiff's amended complaint insofar as it seeks extra-contractual damages. Dkt. No. 14. The motion has been fully briefed and will be considered on the basis of the submissions and without oral argument. Dkt. Nos. 1, 14-4, 17, 18.

## II. BACKGROUND

This is a breach of contract action. Strelkovski is a resident of New York who owns a property located in Walton, NY (the "Property"). Am. Compl. ¶¶ 1, 4. Liberty is "a foreign corporation organized and existing under the laws of Illinois." *Id*. ¶ 2. At all times relevant in this matter, defendant was authorized to issue insurance policies in New York, including the Policy. *Id*. ¶ 3.

At some point in time before August 26, 2023, plaintiff contends defendant issued him an insurance policy (the "Policy") insuring the Property against "all risks of loss." Am. Compl. ¶ 6. On or around August 26, 2023, while the policy was in effect, plaintiff alleges the Property was damaged by "a covered peril." *Id.* ¶ 7. On or around September 6, 2023, plaintiff allegedly submitted a claim to Liberty seeking indemnification for the damage that occurred to the Property, including loss of use and loss of rent. *Id.* ¶ 8.

Strelkovski contends that Liberty "failed and refused to timely investigate or adjust the entirety of [his] claim" and instructed him not to perform certain repairs to the Property so they could investigate the claim before taking months to act. Am. Compl. ¶¶ 10–11. As a result, plaintiff asserts he was deprived of the benefits of the Policy and incurred significant losses which were avoidable had Liberty performed as set forth under the Policy. *Id.* ¶ 14.

Plaintiff alleges that the Policy states: "Payment under Loss of Rental Value will be for the shortest time required to repair or replace that part of the 'residence premises' rented or held for rental." Am. Compl. ¶ 15. Strelkovski contends that when Liberty delayed investigating and determining the damage to the Property for months before partially denying his claim, they violated the terms of the Policy. *Id.* ¶ 16. As a result of this

breach of the Policy, plaintiff asserts he is entitled to both compensatory and "extracontractual damages." *Id.* ¶¶ 17, 22.

Strelkovski argues Liberty's bad faith and unjust refusal to pay for the loss of rent compelled him to bring this suit and that, as a result of Liberty's "breach of contract and bad faith delays," he has "been damaged in excess of $270,000 in compensatory damages. Am. Compl. ¶ 22. In addition to being liable for the compensatory damages related to his loss, Strelkovski alleges Liberty owes "consequential damages which were a reasonably foreseeable consequence[.]" *Id.* ¶¶ 22–23.

Liberty now moves to partially dismiss plaintiff's complaint to the extent that it requests extracontractual damages pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Def.'s Mem., Dkt. No. 14-4.

### III.  <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. <u>DISCUSSION</u>

Strelkovski seeks to recover damages he allegedly incurred when Liberty unnecessarily delayed the investigation and processing of an insurance claim he submitted under the Policy. Specifically, plaintiff is seeking both compensatory damages for Liberty's breach of the Policy as well as consequential damages for their breach of the covenant of good faith and fair dealing. Am. Compl. ¶¶ 21–22. Plaintiff's complaint concludes with a generalized demand for compensatory damages in excess of $270,000 and, without specifying a dollar amount, an assertion that defendant is also liable for consequential damages. *Id.* ¶ 22–23.

### A. <u>Consequential Damages</u>

Liberty argues the consequential damages Strelkovski is seeking are unavailable because such damages were not contemplated under the Policy.

Def's. Mem., Dkt. No. 14-4 at 7–9.[1]  Liberty contends that plaintiff has failed to allege with any specificity what the consequential damages he suffered were and instead offers only the bare conclusion that he suffered avoidable losses.  *Id.* at 9.  Broadly stated, Liberty's position is that plaintiff's allegations amount to nothing more than a breach of contract claim.  *Id.*

"In addition to general contract damages—*i.e.*, damages that flow from the natural and probable consequences of the breach—a plaintiff asserting a breach of contract claim may also recover 'special' or 'consequential' damages, which compensate for 'additional losses.'" *Sanderson v. First Liberty Ins. Co.*, 2017 WL 5176371, at *6 (quoting *East Coast Res., LLC v. Town of Hempstead*, 707 F. Supp. 2d 401, 410 (E.D.N.Y. 2010)) (cleaned up). "Under New York law, 'consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages "were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting."'" *Ripka v. Safeco Ins.*, 2015 WL 3397961, at *4 (N.D.N.Y. May 26, 2015) (citing *Panasia Estates, Inc. v. Hudson Inc. Co.*, 10 N.Y.3d 200 (N.Y. 2008)) (quoting *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co.*, 10 N.Y.3d 187 (N.Y. 2008)).

---

[1] Pagination corresponds to CM/ECF headers.

To demonstrate such an understanding between the parties, New York courts often require that a specific contractual provision permits recovery for consequential damages. *See e.g., Globecon Group, LLC v. Hartford Fire Ins. Co.*, 2003 WL 22144316 at *3 (S.D.N.Y. Sept. 17, 2003) (collecting cases). However, absent allegations that plaintiff's specific injury was contemplated by the parties at the time of contracting, a claim for consequential damages should be dismissed. *Ripka*, 2015 WL 3397961, at *4 (quoting *Cont'l Info. Sys. Corp. v. Fed. Ins. Co.,* 2003 WL 145561, at *4 (S.D.N.Y. Jan.17, 2003)) (collecting cases).

In addition, New York courts do "not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled," and "the latter claim" should "be dismissed as redundant." *Sikarevich Fam. L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 170 (E.D.N.Y. 2014) (cleaned up).

Upon review, even at this pre-answer stage, Strelkovski's claim for consequential damages fails on several fronts. *First*, plaintiff alleges that defendant's failure to timely or fully investigate his claim of loss, along with their improper denial of his claim, amounts to a breach of the covenant of good faith and fair dealing that warrants an award of consequential damages. Am. Compl. ¶ 13. In support, Strelkovski points to language in the Policy

regarding payment in the event of loss of rent or rental value. *Id.* ¶ 15–16. However, plaintiff has not alleged that this policy language makes any mention of consequential damages. Indeed, plaintiff has not pointed to any language in the Policy mentioning consequential damages in his Amended Complaint. Nor has he cited to any language in the Policy suggesting he was entitled to consequential damages. Instead, plaintiff offers only the bare conclusion that Liberty's alleged breach of the covenant of good faith and fair dealing entitles him to consequential damages. *Id.* ¶ 17.

*Next*, plaintiff has not offered a distinct set of facts to distinguish his breach of the covenant of good faith and fair dealing claim from his breach of contract claim. To the contrary, both claims arise from the same set of facts.[2] In both cases, plaintiff contends that: (1) he suffered damage to his home; (2) he submitted an insurance claim to Liberty pursuant to the Policy; (3) Liberty delayed in investigating or otherwise addressing his claim; (4) his claim was partially or fully denied. Strelkovski's breach of the covenant of good faith and fair dealing claim, for which he now seeks consequential damages, will also be dismissed as redundant. *See Sikarevich Fam. L.P.* 30 F. Supp. 3d at 170.

---

[2] Plaintiff's amended complaint is not a model of clarity and does not articulate the specific claims in brings. Nevertheless, the Court construes it to bring a breach of contract and breach of the implied covenant of good faith claim.

*Finally*, even if Strelkovski's consequential damages claim was plausibly alleged, it would still require dismissal. Special damages claims "must be fully and accurately stated, with sufficient particularity to identify actual losses .... [and] a general allegation of a dollar amount ... will not suffice." *Ripka*, 2015 WL 3397961, at *5 (quoting *Ebrahimian v. Nationwide Mut. Fire Ins. Co.,* 960 F.Supp.2d 405, 418 (E.D.N.Y.2013)). In this matter, not only has plaintiff not alleged a dollar amount, he has also failed to plead with any particularity the actual losses he suffered which would warrant an award of consequential damages. Strelkovski has not offered *any* allegations to give this Court an idea of the losses he suffered. Merely requesting a "sum in excess of $270,000 in compensatory damages" and asserting plaintiff's liability for consequential damages in a conclusory fashion will not suffice and will be denied. Am. Compl. ¶ 22–23.

## V. **CONCLUSION**

Therefore, it is

ORDERED that

1. Defendants' partial motion to dismiss (Dkt. No. 14) is GRANTED;

2. Plaintiff's claim for consequential damages is DENIED;

3. Defendant is ordered to file an answer to plaintiff's breach of contract claim by no later than February 27, 2026.

The Clerk of the Court is further directed to terminate the pending motion and set deadlines accordingly.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: February 13, 2026
Utica, New York.